```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/27/2025  
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAINA LYONS,

                Plaintiff,

-against-

DISCALCED, INC., (DBA "MARK MORRIS DANCE GROUP") And MARK MORRIS, individually,

                Defendants.

25 Civ. 8689 (AT)

**INITIAL PRETRIAL SCHEDULING ORDER**

ANALISA TORRES, District Judge:

    This case has been assigned to me for all purposes. Counsel for all parties are directed to submit a joint letter and a jointly proposed Case Management Plan and Scheduling Order by **February 24, 2026**, in accordance with Rule 16 of the Federal Rules of Civil Procedure and the instructions set forth below.

    This Court is participating in a **Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action**, initiated by the Advisory Committee on Federal Rules of Civil Procedure, available at https://www.fjc.gov/sites/default/files/2012/DiscEmpl.pdf. The Initial Discovery Protocols will apply to all employment cases pending in this Court that challenge one or more actions alleged to be adverse, except:

(1) Class actions;

(2) Cases in which the allegations involve <u>only</u> the following:

    a. Discrimination in hiring;
    b. Harassment/hostile work environment;
    c. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
    d. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
    e. Violations of the Family Medical Leave Act (FMLA); or
    f. Violations of the Employee Retirement Income Security Act (ERISA).

    Parties and counsel in the Pilot Program shall comply with the Initial Discovery Protocols attached to this Order. If any party believes that there is good cause why this particular case should be exempted from the Initial Discovery Protocols, in whole or in part, that party may raise the issue with the Court in accordance with the Court's Individual Practices in Civil Cases, which are available at https://nysd.uscourts.gov/hon-analisa-torres.

    Within 30 days following Defendants' submission of a responsive pleading or motion, the parties shall provide to one another the documents and information described in the Initial Discovery

Protocols for the relevant time period. This obligation supersedes the parties' obligations to provide initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. The parties shall use the documents and information exchanged in accordance with the Initial Discovery Protocols to prepare the Rule 26(f) discovery plan.

The parties' responses to the Initial Discovery Protocols shall comply with the Federal Rules of Civil Procedure obligations to certify and supplement discovery responses, as well as the form of production standards for documents and electronically stored information. As set forth in the attached Protocols, this Initial Discovery is not subject to objections, except upon the grounds set forth in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

In addition, counsel are directed to confer with each other prior to the document submission deadline regarding settlement and each of the other subjects to be considered at a Rule 16 conference. Additionally, in accordance with Paragraph II.B of the Court's Individual Practices, the parties shall submit via e-mail (Torres_NYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order no later than **February 24, 2026**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-analisa-torres.

Included with the Proposed Civil Case Management Plan and Scheduling Order, the parties shall jointly submit a letter, not to exceed five (5) pages, providing the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court;

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place, including discovery pursuant to the Initial Discovery Protocols, and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any; and

(7) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket.

      In accordance with the Court's Individual Practices, requests for an extension shall be made in writing and filed on ECF as letter-motions, and must be received at least 48 hours before the deadline. The written submission must state: (1) the word "Scheduling" in the subject line; (2) the original date(s); (3) the number of previous requests for extension; (4) whether these previous requests were granted or denied; and (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. Unless counsel are notified that the deadline has been extended, the documents will be due as scheduled.

      **Counsel who have noticed an appearance as of the issuance of this order are directed: (1) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Practices to that party personally.

      SO ORDERED.

Dated: October 27, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge

# INITIAL DISCOVERY PROTOCOLS
# FOR EMPLOYMENT CASES ALLEGING ADVERSE ACTION

## PART 1: INTRODUCTION AND DEFINITIONS.

**(1) Statement of purpose.**

a. The Initial Discovery Protocols for Employment Cases Alleging Adverse Action is a proposal designed to be implemented as a pilot project by individual judges throughout the United States District Courts. The project and the product are endorsed by the Civil Rules Advisory Committee.

b. In participating courts, the Initial Discovery Protocols will be implemented by standing order and will apply to all employment cases that challenge one or more actions alleged to be adverse, except:
   i. Class actions;
   ii. Cases in which the allegations involve <u>only</u> the following:
       1. Discrimination in hiring;
       2. Harassment/hostile work environment;
       3. Violations of wage and hour laws under the Fair Labor Standards Act (FLSA);
       4. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
       5. Violations of the Family Medical Leave Act (FMLA);
       6. Violations of the Employee Retirement Income Security Act (ERISA).

   If any party believes that there is good cause why a particular case should be exempted, in whole or in part, from this pilot program, that party may raise such reason with the Court.

c. The Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure (F.R.C.P.) and other applicable local rules, but they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(1). The purpose of the pilot project is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

    d. The Initial Discovery Protocols were prepared by a group of highly experienced attorneys from across the country who regularly represent plaintiffs and/or defendants in employment matters. The information and documents identified are those most likely to be requested automatically by experienced counsel in any similar case. They are unlike initial disclosures pursuant to F.R.C.P. 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for employment discrimination cases.

**(2) Definitions.** The following definitions apply to cases proceeding under the Initial Discovery Protocols.

    a. *Concerning*. The term "concerning" means referring to, describing, evidencing, or constituting.

    b. *Document*. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in F.R.C.P. 34(a).

    c. *Identify (Documents)*. When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

    d. *Identify (Persons)*. When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(3) Instructions.**

    a. For this Initial Discovery, the relevant time period begins three years before the date of the adverse action, unless otherwise specified.

    b. This Initial Discovery is not subject to objections except upon the grounds set

forth in F.R.C.P. 26(b)(2)(B).

c. If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete.

d. This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation and F.R.C.P. 26(g) regarding certification of responses.

e. This Initial Discovery is subject to F.R.C.P. 34(b)(2)(E) regarding form of production.

## PART 2: PRODUCTION BY PLAINTIFF.

**(1) Timing.**

a. The plaintiff's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Plaintiff must produce to Defendant.**

a. All communications concerning the factual allegations or claims at issue in this lawsuit between the plaintiff and the defendant.

b. Claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

d. Documents concerning the terms and conditions of the employment relationship at issue in this lawsuit.

e. Diary, journal, and calendar entries maintained by the plaintiff concerning the factual allegations or claims at issue in this lawsuit.

f. The plaintiff's current resume(s).

g. Documents in the possession of the plaintiff concerning claims for unemployment benefits, unless production is prohibited by applicable law.

h. Documents concerning: (i) communications with potential employers; (ii) job search efforts; and (iii) offer(s) of employment, job description(s), and income

and benefits of subsequent employment. The defendant shall not contact or subpoena a prospective or current employer to discover information about the plaintiff's claims without first providing the plaintiff 30 days notice and an opportunity to file a motion for a protective order or a motion to quash such subpoena. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.

i. Documents concerning the termination of any subsequent employment.

j. Any other document(s) upon which the plaintiff relies to support the plaintiff's claims.

**(3) Information that Plaintiff must produce to Defendant.**

a. Identify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

b. Describe the categories of damages the plaintiff claims.

c. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any. Identify any document concerning any such application.

## PART 3: PRODUCTION BY DEFENDANT.

**(1) Timing.**

a. The defendant's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Defendant must produce to Plaintiff.**

a. All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
   i. The plaintiff and the defendant;
   ii. The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).

    b. Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely upon any of the same factual allegations or claims as those at issue in this lawsuit.

    c. Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, irrespective of the relevant time period.

    d. The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), irrespective of the relevant time period.

    e. The plaintiff's performance evaluations and formal discipline.

    f. Documents relied upon to make the employment decision(s) at issue in this lawsuit.

    g. Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action. Depending upon the case, those may include policies or guidelines that address:
        i. Discipline;
        ii. Termination of employment;
        iii. Promotion;
        iv. Discrimination;
        v. Performance reviews or evaluations;
        vi. Misconduct;
        vii. Retaliation; and
        viii. Nature of the employment relationship.

    h. The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.

    i. Job description(s) for the position(s) that the plaintiff held.

    j. Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

    k. Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.

    l. Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

    m. Documents in the possession of the defendant and/or the defendant's agent(s) concerning claims for unemployment benefits unless production is prohibited by applicable law.

    n. Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

**(3) Information that Defendant must produce to Plaintiff.**

    a. Identify the plaintiff's supervisor(s) and/or manager(s).

    b. Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

    c. Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

    d. State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.